

Villanova University School of Law Digital Repository

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2005

# Ala v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3355

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ala v. Atty Gen USA" (2005). *2005 Decisions.* Paper 452.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/452

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3355
_____

CAUSH ALA; LAURESHA ALA;
VIOLA ALA; LEDION ALA,
                                        Petitioners,

vs.

ALBERTO R. GONZALES,[1]
Attorney General of the United States,
                                        Respondent.
_____

On Petition for Review of an Order of Removal
from the Board of Immigration Appeals
U.S. Department of Justice
Executive Office for Immigration Review
(BIA No. A79-329-428)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 27, 2005
_____

Before: RENDELL, FUENTES, and GARTH, Circuit Judges

(Opinion Filed: October 4, 2005)
_____

OPINION
_____

_____

[1] Attorney General Alberto Gonzales has been substituted for former Attorney General
John Ashcroft, the original respondent in this case, pursuant to FED. R. APP. P. 43(c).

Garth, Circuit Judge:

Caush Ala ("Ala") appeals a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's denial of his application for asylum,[2] withholding of removal, and protection under the Convention Against Torture. We will affirm.

I.

Ala, a citizen of Albania and a wealthy supporter of the opposition Democratic Party ("DP") in that country, came to the U.S. with his family in 2000 on a visitor's visa, which he overstayed. He applied for asylum, claiming that he had suffered persecution in the past, and had a well-founded fear of future persecution in Albania based on his political opinion.

Ala testified that, due to his opposition to the government, he was fired from his government job, arrested, jailed for approximately 3 months, interrogated and beaten by agents of the Communist government of Albania in 1989. In 1990, he was arrested and detained for four days after he participated in a student demonstration. Ala's brief clarifies, however, that he does not seek asylum on the basis of these incidents. Rather, he seeks asylum on the basis of three incidents that occurred after the fall of Communism in Albania, and the fear of future persecution they created in him.

In the first of these incidents, Ala was kidnaped, beaten and held briefly for

_____

[2] Ala's wife and two minor children made derivative claims for asylum based on Ala's application. *See* 8 U.S.C. 1158(b)(3).

ransom by private citizens whom he knew in 1997. He and his wife were later "approached and harassed" by the kidnapers. Second, Ala was questioned by authorities for about ten minutes after he participated in a demonstration after the head of the DP was assassinated in 1998; at this demonstration, buildings were burned down and the demonstrators took over the local radio and television stations for 24 hours. Third and finally, Ala was taken into police custody, interrogated and beaten with a belt after he participated in a demonstration protesting the results of an election in 2000.

Though there were a few discrepancies between Ala's testimony and the affidavit he submitted with his I-589 application, the Immigration Judge ("IJ") found that Ala had testified truthfully. He nevertheless denied Ala's application because he found that though Ala might have suffered ill treatment, he had not shown that he so suffered on the basis of any of the five statutory grounds – i.e., race, religion, nationality, political opinion, or membership in a particular social group – as required to render him eligible for asylum. The IJ further found that even if Ala had established that he suffered persecution on account of political opinion, he would still be ineligible for asylum now because there has been a fundamental change in circumstances in Albania such that a fear of future persecution would no longer be warranted.[3] The BIA affirmed without opinion

---

[3] Based on the testimony and the evidence of record, the IJ also found that Ala had not shown that he was more likely than not to be tortured if returned to Albania, and thus that he was not entitled to relief under the Convention Against Torture. Because the IJ found Ala ineligible for asylum, he did not need to consider whether Ala met the higher standard of proof required for withholding of removal.

pursuant to 8 C.F.R. 1003.1(e)(4).

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, "the BIA issues a summary affirmance under its streamlining regulations, we essentially review the IJ's decision as if it were the decision of the BIA." *Jishiashvili v. Attorney General*, 402 F.3d 386, 391 (3d Cir. 2005).

The scope of our review is extremely narrow: we will affirm any finding of fact supported by substantial evidence. *Abdille v. Ashcroft*, 242 F.3d 477, 483–484 (3d Cir. 2001) (citations omitted). This means that we must uphold the IJ's factual findings if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## III.

Under 8 U.S.C. §1158(b)(1)(A), the Attorney General may grant asylum to an alien who is a "refugee" within the meaning of 8 U.S.C. §1101(a)(42). Generally speaking, to qualify as a refugee, an applicant must show that he or she is unable or unwilling to return to his or her country because of persecution or a well founded fear of persecution on account of race, religion, nationality, membership in a particular group, or political opinion. 8 U.S.C. §1101(a)(42)(A).

To establish eligibility for asylum, an applicant must demonstrate past persecution by substantial evidence or a well-founded fear of persecution that is both subjectively and objectively reasonable. *Lukwago v. INS*, 329 F.3d 157, 177 (3d Cir. 2003). An applicant who establishes that he or she has suffered past persecution on account of one of the five grounds enumerated in the INA "triggers a rebuttable presumption of a well-founded fear of future persecution, as long as that fear is related to the past persecution." *Id.* at 174 (citing 8 C.F.R. § 208.13(b)(1)). Aliens bear the burden of supporting their asylum claims. 8 U.S.C.A. § 1158(b)(1)(B)(i).

IV.

Ala first argues that the BIA violated his due process rights when it affirmed the IJ's decision denying his asylum application without opinion. This argument fails under *Dia v. Ashcroft*, 353 F. 3d 228, 238-45 (3d Cir. 2003) (en banc), in which this Court held explicitly that the BIA does not violate a petitioner's due process rights when, pursuant to 8 C.F.R. §1003.1(a)(7)(2002), it affirms an IJ's decision without opinion.

Ala next argues that the IJ's finding that he did not suffer persecution on account of his political opinion was not supported by substantial evidence. We disagree.

Ala was, of course, required to provide evidence that those who mistreated him did so specifically because of his political opinion. *Elias-Zacarias*, 502 U.S. at 483; *Chang v. INS*, 119 F.3d 1055, 1063 (3d Cir. 1997). Ala does not claim that the men who kidnapped him in 1997 even *mentioned* his membership in the DP while he was in their custody.

*Compare, e.g., Singh v. Gonzales*, 406 F.3d 191, 196-197 (3d Cir. 2005) (it was clear that police took petitioner into custody and beat him because they imputed his father's political opinion to him because they mentioned his father's political activities during the beating). Further, according to Ala's testimony, when the former captors later approached him, they threatened what would happen to him if he reported the kidnaping, and commented on how much money Ala was earning, but mentioned his membership in the DP only in passing.

The IJ concluded that Ala's kidnaping was likely a "street crime," and that Ala was probably kidnaped simply because he was "wealthy and powerful." *See, e.g., Abdille*, 242 F.2d at 494-95 ("ordinary criminal activity" and "random street violence" do not rise to the level of persecution necessary to establish eligibility for asylum based on a characteristic enumerated in the statute). Based on the evidence, a reasonable adjudicator would not be compelled to conclude that, on the contrary, Ala was kidnaped on account of his political opinion.[4]

Similarly, the evidence does not compel a finding that the police took Ala into custody after demonstrations in 1998 and 2000 on account of his political opinion. A reasonable fact finder could have concluded, for example, that Ala was legitimately

---

[4] Ala notes the fact that the amount of ransom his kidnapers demanded was identical to the amount of a large contribution he had made to the DP. He asserts that this fact suggests that his kidnaping was politically motivated. There was no indication in Ala's testimony, however, that his kidnapers knew anything about his contribution to the DP. The fact does not compel the conclusion that Ala was persecuted on account of his political opinion.

arrested for participation in a violent or illegal political demonstration, *see, e.g., Shardar v. Ashcroft*, 382 F.3d 318, 323 (3d Cir. 2004), though from this Court's perspective that is not the most intuitive conclusion to draw from the record evidence. The fact that Ala was beaten while in custody in 2000, while disturbing, does not compel a contrary conclusion. *Id.* at 324.[5]

Because substantial evidence does not demonstrate that Ala suffered past persecution on account of his political opinion, he is not entitled to a presumption of a well-founded fear of future persecution. Ala failed to demonstrate by his testimony and submissions that such a fear is subjectively and objectively reasonable in the absence of that presumption. Further, we agree with the IJ that even if Ala had demonstrated past persecution, a fear of future persecution would not be warranted because there has been a fundamental change in circumstances in Albania.[6]

For all of these reasons, we will affirm the denial of Ala's application and the derivative applications.

---

[5] The Government asserts that Ala's kidnaping in 1997 and detentions in 1998 and 2000 would not constitute persecution that would render Ala eligible for asylum even if his abusers *had* singled him out on account of his political opinion because they were not extreme enough incidents. The IJ did not assert this additional basis for his denial of Ala's application, and we thus express no opinion on the subject.

[6] According to the State Department Report Ala submitted, for example, the Albanian government made no concerted effort to prevent rallies and demonstrations, and generally respected the people's right of association in 2001.